1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| LILIANA NEGRETE, on behalf of Edward Carlos Negrete, | Case No.: 18cv0753 JAH (WVG) |
| Petitioner, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| UNKNOWN, Warden, | |
| Respondent. | |

Liliana Negrete, proceeding pro se, has filed a petition for writ of habeas corpus on behalf of Edward Carlos Negrete.[1]

/ / /

/ / /

/ / /

---

[1] Filing a habeas corpus petition on behalf of another party requires "next friend" status. *Whitmore v. Arkansas, et al.*, 495 U.S. 149, 161-164 (1990). Next friend status is not automatically granted. A court may grant an individual next friend status if that individual seeking it provides "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action," and establishes that he or she is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . ." *Id*. at 163-64. While it is premature for the Court to determine whether Liliana Negrete should be granted next friend status, the parties are advised that "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed in forma pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**ABSTENTION**

This Court infers, based upon the allegations in the Petition that Edward Negrete is currently in state custody and facing ongoing criminal proceedings.  As such, the Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.  *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).  All three of these criteria appear to be satisfied here.  At the time the Petition was filed, Edward Negrete was in the custody of the Superior Court of San Diego County and was being prosecuted for violations of California Health and Safety Code §§ 11351 and 11378.  (*See* Pet., ECF No. 1 at 3.)  Thus, the criminal case appears to be ongoing in the state courts.  Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Negrete has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal.  He offers nothing to support a

contention that the state courts do not provide him an adequate opportunity to raise his claims. Thus, abstention is therefore required. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, [and] judgment has been appealed from that the case concluded in the state courts.")

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Negrete fails to state any grounds for relief in the Petition. He simply states that he is illegally detained because he is "one of the people of the United States, [n]o injured party exist[s], [there is] no damaged property[, and he is] held under color of law by a municipal code." (Pet., ECF No. 1 at 3.)

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any grounds for relief. A federal court may not entertain a petition that contains allegations which are conclusory. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED**.

DATED:  April 30, 2018

John A. Houston
United States District Judge

18cv0753 JAH (WVG)